United States District Court
Middle District of Pennsylvania

Issa Mutlaq,
Plaintiff,

    -v-

John Crosson, whom is an Immigration and Naturalization Service Deportation Officer, Steven M. Wacha, whom is an Officer of the Immigration and Naturalization Service, and Charles Zemski, whom is the District Director of the Immigration and Naturalization Service,
Defendents.

1:CV 00-1996

COMPLAINT - Civil Action

Jury Trial Demanded

RECEIVED
SCRA...
NOV 1 3 2000

FILED
SCRANTON
NOV 1 4 2000

### Civil Action Complaint

Petitioner pro se persons and respectfully submits this motion.

Petitioner urges this Honorable Court to construe this motion Liberally and cure all procedural errors as adjudged by the United States Supreme Court to States and Federal Court in Haines v. Kerner, 404 U.S. 519 (1972).

### Preliminary Statement

This is a Civil Rights Action filed by Issa Mutlaq, an I.N.S. prisoner at Snyder County Prison, seeking damages and injunctive relief under 42 USC § 1983, alleging denial of medical care in violation of the Eigth Amendment to the United States Constitution. The plaintiff also alleges the torts of negligence.

## Jurisdiction

1. The court has jurisdiction over the plaintiff's claims' at violations of Federal Constitutional Rights under 42 USC §§ 1331(a) and 1343.

2. The court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 USC § 1367.

3. The court has jurisdiction over the palintiff's claim because the plaintiff has exhausted all administrative remedies at Snyder County Prison.

## Parties

4. The plaintiff, Issa Mutlaq, was incarcerated under Immigration and Naturalization Service detention at Snyder County Prison during the events that are described in this complaint, and the Immigration and Naturalization Service will be reffered to throughout the remainder of this complaint as I.N.S.

5. Defendent, John Crosson, is an Deportation Officer of the I.N.S., that oversees, and makes decisions on I.N.S. detainees at Snyder County Prison.

6. Defendent, Steven M. Wacha, is an Officer of the I.N.S., that oversees, and makes decisions on I.N.S. detainees at Snyder County Prison regarding any and all medical issues.

7. Defendent, Charles Zemski, is the Director of the I.N.S., that oversees and makes decisions on I.N.S. detainees at Snyder County Prison.

## Facts

8. On June 5, 2000, the plaintiff, Issa Mutlaq, was housed at Snyder County Prison as an I.N.S. detainee.

9. On or about June 20, 2000, the plaintiff's medical problems, regarding orthodontal issues, started.

10. On or about June 20, 2000, the plaintiff spoke to the nurse at Snyder County Prison, Mrs. Patti Gessner, and told her, "My teeth are bleeding and my gums are hurting me." Mrs. Patti Gessner stated, "The dentist comes once a month, and there is nothing I can do for you."

11. On or about June 21, 2000, the palintiff wrote to medical regarding his orthodontal problems.

12. On or about June 28, 2000, Mrs. Patti Gessner stated, "The doctor told me to put you on Penicillin, until you see the dentist."

13. On or about July 13, 2000, the palintiff seen the dentist that came to Snyder County Prison, for approximately two minutes. After explaining the bleeding of the gums and the pain, the dentist stated, "You have to go to an outside specialist."
At this time Mrs. Patti Gessner stated, "We will have to get permission from I.N.S. to bring you to an outside specialist."

14. From July 13, 2000, to August 6, 2000, the palintiff continued to complain to the medical staff regarding his bleeding and pain, but to no avail.

15. On or about August 6, 2000, the palintiff spoke to John Crosson, whom is in charge of the plaintiff's case, and pleaded to John Crosson to, "Please send me back to my country."

16. From August 6, 2000, to September 2, 2000, the palintiff

continued his compalints to medical staff regarding his bleeding and pain, but to no avail.

17. On or about September 2, 2000, the plaintiff received his request for Dental Care back with a Denial, which was dated September 1, 2000, from Steven M. Wacha.(see Exhibit #A)

18. From September 2, 2000, to October 10, 2000, the plaintiff continued his complaints to all staff at Snyder County Prison, but to no avail, because now the staff states, "I.N.S. has denied medical treatment, and therefore our hands are tied."

19. On October 10, 2000, the plaintiff sent a request to medical stating, "I do have pain so much in the left bottom teeth. I would like to see the doctor immediately, may I please." And the reply was, "Tyl. every med. pass along with PenUK x 5 days till Nov.9 when the dentist will be here." (see Exhibit #B)

20. On October 18, 2000, the plaintiff filed for a grievance, and stated his problems again regarding bleeding and pain in his gums. (see Exhibit #C)

21. On October 25, 2000, the plaintiff received the reply to his October 18, 2000, grievance. The grievance stated, "Inmate Mutlaq seen dentist on July 13, 2000, peridental disease present. I.N.S. denied treatment. Will be reseen by dentist on 11-9-00 for toothache. Seen on 10-20-00 by Dr.Bogner, has gingivitis - ordered dental eval; continue proper brushing, pen UK for toothache c/o infection." (see Exhibit #D)

22. As of October 31, 2000, the plaintiff still has bleeding, pain, and gingivitis in his gums, and still is being refused for proper dental care by I.N.S.

## Denial of Medical Care

23. From June 20, 2000, to October 31, 2000, the plaintiff has only been seen once by a dentist for 2 minutes, and that dentist suggested he have outside dental care from a proper facility. And never has the dentist taken any X-rays to make a proper evaluation.

24. As stated in the statement received on August 2, 2000, I.N.S. has denied plaintiff of dental treatment.

25. On information and belief, when a prisoner files a grievance, the grievance staff should call the matter to the attention of those individuals responsible for the matter that the grievance concerns.

26. Defendent, John Crosson, is responsible for handling information for an I.N.S. detainee to receive proper medical attention and is better known as the "point of contact" for an I.N.S. detainee at Snyder County Prison.

27. Defendent, Steven M. Wacha, is responsible for implementing and handling the medical decisions for I.N.S. detainees at Snyder County Prison.

28. Defendent, Charles Zemski, is responsible for all issues concerning I.N.S. detainees, and oversees all employees of the I.N.S.

29. After 5 months of complaints, defendents still deny the plaintiff his proper medical attention.

30. On information and belief, if the plaintiff is not promptly provided with proper medical attention, he risks permanent medical damage.

## Claims For Relief

31. The actions by the defendents, in allowing the negligence of not allowing the plaintiff proper medical attention, is done maliciously and sadistically and constitutes cruel and unusual punishment in violation of the Eigth Amendment of the United States Constitution.

32. The actions of the defendents in allowing negligence against the plaintiff, constitutes the tort of neglect.

33. The failure of the defendents to take action to resolve the plaintiffs complaint, constituted diliberate indifference, and contributed to and proximately caused the above described violation of the Eigth Amendment Rights of the United States Constitution.

34. The actions by the defendents by refusing to allow medical treatment, futher denied the plaintiff his serious medical needs and shows the defendents diliberate and direct neglect.

## Relief Requested

Wherefore, plaintiff request that the court grant the following relief:

A. Issue a declaratory judgement stating that:

1. The abuse of the plaintiff, by the defendents violated the plaintiff's rights under the Eigth Amendment to the Constitution, constituted neglect under state law.

2. Defendents actions in making a decision to deny medical care, and action that continue to sustain abuse is a continuation of Defendents violating the plaintiff's rights under the Eigth Amendment of the United States Constitution.

B. Issue an injunction ordering the defendents or their agencies to:

1. Immediately arrange for the plaintiff to be taken to a qualified dentist with qualified facilities.

2. Immediately arrange for the plaintiff to receive the appropriate medical attention neccessary that is reccomended by a qualified dental facility.

3. Carry out without delay the treatment directed by such dental facility.

C. Award compensatory damages in the following amounts:

1. $100,000.00 jointly and severally against defendents for the physical injuries sustained as a result of their neglect to the plaintiff.

2. $100,000.00 jointly and severally against defendents for the extreme emotional stress, suffering, and mental anguish sustained as a result of their neglect to the plaintiff.

D. Award punitive damages in the following amounts:

1. $30,000.00 each against defendents, John Crosson, Steven M. Wacha, and Charles Zemski.

E. Grant such other relief as it may appear that the plaintiff is entitled.

Dated October 31, 2000.

Respectfully Submitted,

*Issa Mutlaq* (signature)

Issa Mutlaq
Snyder County Prison
600 Old Colony Road
Selinsgrove, Pa  17870

Exhibit # A

MR. MUTLAQ,

YOUR DENTAL WORK WAS DENIED BY INS/PHS.

*John Crosson*
JOHN CROSSON

---

1845;                    Aug-2-00  2:55PM;
-> 93055521845;                              Page
Date: 8/2/2000  Time: 2:38:28 P

717 374 7921                 AUG. 02 2000 08:53AM P2

...ATION REQUEST
...URALIZATION SERVICE

Date: 8/2/00
City: SELINSGROVE   State: PA.

...FORMATION

SSA _____ Sex: M/F
           MI

Alien Number: 28476192
Country of Origin: JORDAN

Cust
6-5-200

### REASON FOR REFERRAL

Requested Service/Procedure: All request for
Findings: quadrant scaling
Results:
Diagnosis:
Requesting Provider:

### OFFSITE PROVIDER INFORMATION

Referred To:                         Telephone: (   )
Address:                             Appointment Date: __/__/__
City:            State:    Zip:      Appointment Time:
                                     Cost Estimate:

### PREAUTHORIZATION ACTION

Date: AUG - 2 2000
                                     DENIED / APPROVED / (PENDING)  8/2/00
Reason for Denial: Not eligible

LUIS E. GARABIS DDS
DENTAL CONSULTANT            **DENIED**

Exhibit # B

# SNYDER COUNTY PRISON
### REQUEST SLIP

NAME: Mutko

ID#: 0000227   HOUSING AREA: R-7

DATE: 10/0-00   TIME:

TO: (MUST CHECK ONE)

| | | | |
|---|---|---|---|
| WARDEN | | COUNSELOR | |
| DEPUTY WARDEN | | RECORDS | |
| SUPERVISOR | | NURSE/DOCTOR | ✓ |
| SECRETARY | | ~~~~~~~ | |
| MAINTENANCE | | PARALEGAL | |
| OTHER | | | |

SUBJECT: (STATE BRIEFLY YOUR REQUEST)

I do have a pain so much in the left bottom teeth I would like to see the doctor immediately may I please.

Thank you

SIGNITURE: [signature]

RESPONSE: Tyl every med pass along with Pen VK x 5 days till Nov 9 when the dentist will be here —Nurse Ruth

REQUEST SLIPS NOT SIGNED WILL NOT BE ADDRESSED

Exhibit # C

## SNYDER COUNTY PRISON
REQUEST SLIP

NAME: MUTIA

ID#: 0000327    HOUSING AREA: B7

DATE: 10-18-00    TIME: 8,30

TO:    (MUST CHECK ONE)

| | | | |
|---|---|---|---|
| WARDEN | | COUNSELOR | |
| DEPUTY WARDEN | | RECORDS | |
| (SUPERVISOR) | 4 | NURSE/DOCTOR | |
| SECRETARY | | KITCHEN | |
| MAINTENANCE | | PARALEGAL | |
| OTHER | | | |

SUBJECT:    (STATE BRIEFLY YOUR REQUEST)

I would Like to fille an grievance against the Nurse

SIGNITURE: [signature]

RESPONSE: This matter could not be resolved. A grievance form was given. Copies of grievance are not permitted. J Smith 10-18-00

REQUEST SLIPS NOT SIGNED WILL NOT BE ADDRESSED

Exhibit # D

# INMATE GRIEVANCE FORM
(Department Head Level)

Inmate's Name: __MUTLAQ ISSA__   Reg. No: __000327__

Type of Grievance: ( ) Standard Grievance   (✓) Emergency Grievance

Nature of Grievance: Dear Sir, I have extreme pain from a tooth problem over three months now. I have not been eating right and I'm suffering right now over this problem. I have been taking antibiotic to no avail. I have seen a dentist 3 months back, he told me I have to go outside with this problem!!! The INS refused to allow me to go outside, why, I don't no? Can someone help me before Nov 9. This date is when the nurse said I will be able to see a dentist???
Thank you and I wait for a reply...

(Additional paper may be used if required)

_____   10-18-00
(Signature of Inmate)   (Date)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Department Head's Response: Inmate Mutlaq seen dentist on July 13 00 - No cavities noted, periodontal disease present, suggest quadrant scaling. Quadrant scaling denied by INS - Not eligible. Custody of INS since 6-5-00. June 2000 did take PenVK c/o complain of toothache was seen by dentist. Was seen by Dr. Bogner in Aug. for c/o tee numb. No further c/o of toothache till after dentist was here 10/12 (will be re-seen by dentist on 11/9/00 for c/o toothache.) Seen on 10/20/00 by Dr. Bogner has gingivitis - Ordered Dental eval, continue proper brushing PenVK for toothache c/o infection.

_Patricia Gessner LPN_   10/25/00
(Signature of Department Head)   (Date)

Form IR-3DH

## Certificate of Service

On this 7th day of November 2000, a copy of this complaint was mailed to: U.S. District Court, Clerk of Courts, PO Box 1148, Scranton, Pa 18501.