IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ISSA MUTLAG,                     :
                                 :
        Plaintiff                :
                                 :
    v.                           :    CIVIL NO. 1:CV-00-1996
                                 :
JOHN CROSSON, ET AL.,            :    (Judge Kane)
                                 :
        Defendants               :

**ORDER**

BACKGROUND

    Issa Mutlag, formerly a detainee of the Immigration and Naturalization Service, confined in the Snyder County Prison, Selinsgrove, Pennsylvania, filed the captioned <u>Bivens</u>[1]-type civil rights complaint pursuant to 28 U.S.C. § 1331 on November 14, 2000. Plaintiff paid the required filing fee. By Order dated December 7, 2000, the Court directed the U.S. Marshal to serve the complaint on the defendants named therein. (Doc. No. 4). On December 14, 2000, the Court's Order was returned as undeliverable. A subsequent phone call to the prison by Court personnel revealed that the plaintiff had been deported on November 15, 2000.

    A <u>pro se</u> plaintiff has the affirmative obligation to keep the court informed of his address. Should such address change in the course of this litigation, the plaintiff shall immediately inform the

---

1. <u>See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). <u>Bivens</u> stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." <u>Butz v. Economou</u>, 438 U.S. 478, 504 (1978).

court of such change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his address, the plaintiff will be deemed to have abandoned the lawsuit.

When a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629 (1962). In <u>Link</u>, the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgment of <u>nonsuit</u> and <u>non prosequitur</u> entered at common law. . . .It has been expressly recognized in Federal Rule of Civil Procedure 41(b)....

<u>Id</u>. at 629-30.

Mutlag has not communicated with the court since the filing of his complaint on November 14, 2000. The record clearly indicates that he moved from the last address that he provided to the court. Mutlag's failure to provide this Court with his current address has clearly delayed and prevented the resolution of this matter. Under these circumstances, it would be a waste of judicial resources to allow this action to continue.

Since the inability of this Court to communicate with plaintiff is solely the result of his own actions and prevents the

taking of any other sanctions, this Court is satisfied that based on the present circumstances, dismissal for failure to prosecute is warranted. See <u>Poulis v. State Farm Fire & Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984). Pursuant to Federal Rule of Civil Procedure 41(b), Mutlag's complaint will be dismissed for failure to prosecute. An appropriate order will enter.

NOW, THEREFORE, THIS 14th DAY OF NOVEMBER, 2001, IT IS HEREBY ORDERED THAT:

1. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, plaintiff's complaint is dismissed for failure to prosecute.

2. The Clerk of Court is directed to close this case.

3. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

_____
YVETTE KANE
United States District Judge

YK:dlb

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

November 15, 2001

Re:  1:00-cv-01996    Mutlaq v. Crosson

True and correct copies of the attached were mailed by the clerk to the following:

Issa Mutlag
CTY-SNY
Snyder County Jail
A28476192
600 Old Colony Rd.
Selinsgrove, PA  17870-8610

Joseph J. Terz, Esq.
U.S. Attorney's Office
Room 217, Federal Building
228 Walnut St.
Harrisburg, PA  17108

cc:
Judge                              (✓)            (✓) Pro Se Law Clerk
Magistrate Judge                   ( )            ( ) INS
U.S. Marshal                       ( )            ( ) Jury Clerk
Probation                          ( )
U.S. Attorney                      ( )
Atty. for Deft.                    ( )
Defendant                          ( )
Warden                             ( )
Bureau of Prisons                  ( )
Ct Reporter                        ( )
Ctroom Deputy                      ( )
Orig-Security                      (✓)
Federal Public Defender            ( )
Summons Issued                     ( ) with N/C attached to complt. and served by:
                                       U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5                ( )
Order to Show Cause                ( ) with Petition attached & mailed certified mail
                                       to:  US Atty Gen  ( )    PA Atty Gen ( )
                                            DA of County ( )    Respondents ( )

Bankruptcy Court                   ( )
Other_____         ( )

MARY E. D'ANDREA, Clerk

11-15-01